```
                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA


JIBRIL L. IBRAHIM,             )
                               )
     Plaintiff,                )
                               )
          v.                   )    Civil Action No. 05-0051 (JR)
                               )
DISTRICT OF COLUMBIA, et al.,  )
                               )
     Defendants.               )
```

## MEMORANDUM

In this action, the fortieth suit on file in this District in which he is or has been a party, federal inmate Jibril Ibrahim brings what the Court of Appeals has called a "smorgasbord" of claims. See Ibrahim v. Dist. of Columbia, 463 F.3d 3, 7 (D.C. Cir. 2006). He names as defendants the District of Columbia, the United States, the Bureau of Prisons ("BOP") and a number of officials and employees of the BOP in their individual and official capacities. My earlier dismissal was reversed (in part), and the case was remanded for reconsideration.[1]

### I. BACKGROUND

Mr. Ibrahim alleges that, in May 2001, he was in the custody of the District of Columbia Department of Corrections

---

[1] Plaintiff has very recently lodged a petition for a writ of mandamus with the Court of Appeals. His complaint about the length of time it has taken to render this decision is well founded, and the delay is regretted.

("DOC"), confined at the Central Facility in Lorton, Virginia. He further alleges that, following a blood-test for AIDS awareness, a doctor informed him that his test results showed signs of both prostate cancer and liver damage. Ibrahim contends that, instead of having him further evaluated or scheduling corrective procedures, DOC transferred him to a federal prison on May 31, 2001. <u>See</u> Complaint [1] at ¶ 9.

On or about August 30, 2002, plaintiff was transferred to the Federal Medical Center in Butner, North Carolina for therapy related to his prostate cancer. <u>Id.</u> at ¶ 18. Treatment concluded in November, and the plaintiff was transferred back to USP-Allenwood in Pennsylvania on January 28, 2003. <u>Id.</u> Plaintiff alleges that follow up blood tests for his prostate cancer at Allenwood confirmed liver damage and the presence of Hepatitis C virus, but that DOC and BOP employees either negligently missed or maliciously ignored this data and failed to treat his Hepatitis C to his serious medical detriment. <u>Id.</u> at ¶¶ 9-10, 13.

In addition to these medical treatment claims, Ibrahim brings various additional complaints. He alleges that, when he was transferred to Butner for medical treatment, BOP employee Vitale did not forward his property in a timely manner, with the result that the United States Supreme Court dismissed one of his cases for want of prosecution. <u>Id.</u> at ¶¶ 22-23. Ibrahim also

complains that he was denied priority placement on a prison hiring list because of an (unnamed) disability, id. at ¶¶ 25-26; that his custody/security designation makes him eligible for a lower security prison placement, but that BOP has denied him transfer to such a facility, id. at ¶ 29; that BOP improperly confiscated his coats during the winter months and subjected him to disciplinary confinement in retaliation for his filing of grievances against prison staff, id. at ¶¶ 30, 44; that, without his coat, he was exposed to soiled mattresses and clothing that caused him pain, id. at ¶ 56; and that an official at USP-Allenwood violated his right to free exercise of religion by confiscating his religious headgear.  Id. at ¶ 50.

## II. STANDARD OF REVIEW

On a motion to dismiss, I must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  Taylor v. FDIC, 132 F.3d 753, 761 (D.C. Cir. 1997).  The Supreme Court has recently made it clear, however, that the claims in a complaint must be "plausible" rather than wholly speculative to survive a motion to dismiss – that they must "raise a reasonable expectation that discovery will reveal evidence of illegal[ity]."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  Dismissal is appropriate where the complaint recites only "a wholly conclusory statement of claim."  Id. at 1968.

**III. DISCUSSION**

**A. District of Columbia**

My dismissal of plaintiff's claims against the District with respect to his prostate cancer as barred by res judicata was affirmed on appeal.  See Ibrahim v. Dist. of Columbia, 463 F.3d 3, 7 (D.C. Cir. 2006).  Plaintiff's other claims against the District will be dismissed for the reasons stated below.

The District is correct that it has no liability for conduct that occurred after plaintiff was transferred to the custody of the BOP, which is most of the content of this Complaint.  See Joyner v. Dist. of Columbia, 267 F. Supp. 2d 15, 20 (D.D.C. 2003); Welch v. Kelly, 882 F. Supp. 177, 180 (D.D.C. 1995).  The Complaint also makes allegations about plaintiff's lack of treatment or proper diagnosis while he was in D.C. custody, however, and those allegations are not so easily disposed of.

The District of Columbia's response to those claims is that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") while he was briefly incarcerated on its watch.  The PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

4

42 U.S.C. § 1997e(a). The exhaustion requirement of Section 1997e(a) is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). A prisoner must complete the administrative process "regardless of the relief offered through administrative avenues," Booth v. Churner, 532 U.S. 731, 741 (2001), and must properly exhaust the administrative process (i.e, in a timely and complete manner). See Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion.").

Plaintiff did address administrative complaints to the D.C. Department of Corrections, but he did so in 2004, three years after the DOC allegedly failed to treat his Hepatitis C and transferred him to a federal facility in May 2001. See [50, Exhibits 1-3]. DOC regulations require such grievances to be aired within 15 days of the relevant incident. See D.O. 4030.1D [50, Exhibit 4] at ¶ 3. Ibrahim apparently contends that his failure to properly exhaust his remedies against the DOC should be forgiven because DOC is "notorious for not responding" to inmate grievances. See [50] at 3. Yet a plaintiff's belief that pursuing his administrative remedies would be futile does not excuse him from the PLRA's exhaustion requirement. See Booth, 532 U.S. at 741 n. 6 (Court will not "read futility or other exceptions into [PLRA's] exhaustion requirements where Congress

has provided otherwise"). Plaintiff's claims against the District for failure to treat his Hepatitis C must accordingly be dismissed.

<u>Common law tort claims</u>

The only remaining claims against the DOC are for common law torts such as negligence, malpractice, and intentional infliction of emotional distress. On these claims, plaintiff has failed to comply with D.C. Code § 12-309, which provides that:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is sufficient notice under this section.

Because the statute is a waiver of sovereign immunity, it is strictly construed in favor of the District. <u>Day v. D.C. Dep't of Consumer & Regulatory Affairs</u>, 191 F. Supp. 2d 154, 158 (D.D.C. 2002); <u>Hardy v. Dist. of Columbia</u>, 616 A.2d 338, 340 (D.C. 1992).

Plaintiff does not dispute that he failed to send notice to the Mayor as required by the statute. [50] at 3. Since notice under D.C. Code § 12-309 is a precondition to a common law tort claim against the District, the negligence,

6

medical malpractice, and intentional infliction of emotional distress claims will be dismissed.

Plaintiff does argue that D.C. Code § 12-309 cannot limit the waiver of sovereign immunity for constitutional torts covered by § 1983, and indeed it cannot, as the Federal Government has "abrogated" sovereign immunity with respect to such claims. But plaintiff has not invoked § 1983 as the basis for common law tort claims, nor could he, as § 1983 is by its terms limited to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States, and does not reach local common law claims. Furthermore, even if plaintiff did have constitutional claims which he could bring against the District, those claims would be governed by the PLRA and undone by his failure to properly exhaust his remedies as to the District of Columbia DOC.

### B. Federal defendants

The federal defendants are myriad: the United States; the BOP; Harley G. Lappin, director (listed as "Harvey Lappin" in the Complaint); Claudia Hill, associate director; Kimberly Straesser; Joe Debaskas ("John Doe Dabackuss" in the Complaint); James Barrett ("John Doe Barrett" in the Complaint); Troy Williamson; Mark Tanner; Donn Troutman; Christopher Angelini; James Vitale ("John Doe Vitale" in the Complaint); Ronald Laino; C. Reyes; Kelly Dewald ("Karen DeWald" in the Complaint); Deven

Chanmugen; Theodor Laurin ("T.M. Laurin" in the Complaint); John Doe; and Jane Doe.  Plaintiff has sued these defendants in their official and individual capacities.  They move to dismiss on a wide range of grounds.  I find that I lack jurisdiction as to most of these defendants and causes of action and that I must dismiss certain claims with respect to others, with the result that plaintiff's complaint will be dismissed in its entirety.

Count I: Constitutional tort

Plaintiff has sued a variety of federal corrections officers for "wanton and unnecessary infliction of pain" in violation of the Eighth Amendment.  Complaint [1] at ¶ 46.  The proper theory for pursuing a constitutional tort against a federal officer is a Bivens action against the individual in his personal capacity.  I have no personal jurisdiction over federal officers whose alleged tortious actions occurred in Pennsylvania, and who do not appear to have any other contacts with the District of Columbia.  See D.C. Code § 13-423(a) (providing jurisdiction over non-residents only where they transact business or contract to do so in the District, or cause an injury in the District); see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (requiring "minimum contacts").

I do have personal jurisdiction over the Bureau of Prisons, but an agency is not properly the subject of a constitutional tort claim.  See FDIC v. Meyer, 510 U.S. 471

(1994). I also have personal jurisdiction over Director Lappin and Associate Director Hill, but the plaintiff has failed to supply a theory under which these persons might be directly responsible for the "wanton and unnecessary infliction of pain" upon him, and any respondeat superior theory is unavailable for such an action. See Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993) ("In the absence of any allegations specifying the involvement of [a policymaking superior] in this case, the claims against them are based on nothing more than a theory of respondeat superior, which of course cannot be used in a Bivens action.").

Count II: Constitutional tort

Count II claims retaliation by various defendants against the plaintiff for exercising his right to the grievance process, a supposed violation of the First Amendment. Complaint [1] at ¶ 48. Nearly all of the defendants named under this count are federal officers at USP-Allenwood in Pennsylvania. I lack personal jurisdiction over these persons for the reasons stated above.

Associate Director Hill is apparently sued in this regard for "superficially and nonchalantly" reviewing plaintiff's request to either be placed in a lower security facility or to other benefits. Complaint [1] at ¶ 30. The complaint does not clearly state that Hill denied the request, nor does it allege

that Hill was even aware of the actions that she was allegedly retaliating against from her faraway vantage in Washington, D.C. This claim as to defendant Hill is frivolous and will be dismissed.

### Count III: Religious freedom

This count alleges that plaintiff was denied his leather kufi, which he wears in religious observance, by defendant Vitale.  Complaint [1] at ¶ 50.  Plaintiff alleges that this was a violation of prison regulations.  Were he attacking the prison regulation and asking for an injunction (rather than attacking the failure to follow it and asking for damages), I might have jurisdiction over such a claim brought against the BOP.  I have no personal jurisdiction over Vitale in an action for damages, however, and so this claim must be dismissed.

### Count IV: Regulatory and statutory violations

Plaintiff attacks all defendants for "violat[ing] plaintiff's statutory and regulatory rights under the cited authorities herein," Complaint [1] at ¶ 52, but he does not specify the statutes or regulations to which he is referring.  As to most of the defendants, I lack personal jurisdiction.  As to the remaining defendants (Director Lappin, Associate Director Hill, the BOP, and the United States), this non-specific claim cannot be fairly used to incorporate every general complaint of

malfeasance that plaintiff expresses in his rambling proffer of relevant facts. This count will accordingly be dismissed.

### Count V: Negligence

This count attacks all defendants for violating "a duty to perform." Complaint [1] at ¶ 54. The ostensible basis of the negligence claim is the failure to treat or properly diagnose the plaintiff's Hepatitis C infection. As to many of the defendants, I lack personal jurisdiction for the reasons stated above. As to defendants Lappin and Hill, the complaint discloses no plausible factual basis for a claim of medical negligence, as they had no personal involvement with the plaintiff and the plaintiff does not make any allegation of a policy that proximately caused his lack of treatment. See Twombly, 127 S. Ct. 1955, 1965 (2007). The BOP cannot be sued for negligence – the exclusive remedy for claims of legal damages caused by federal officers is against the United States under the Federal Tort Claims Act ("FTCA"). See United States v. Smith, 499 U.S. 160 (1991).

Ibrahim does not mention the FTCA in suing the United States under this count – or, indeed, anywhere else in his Complaint – but as a pro se litigant, he is given the benefit of the doubt. This being the 138th appearance of his name in the PACER system, he is perhaps no longer properly entitled to that benefit, but I will treat his negligence suit against "all of the defendants named herein" as brought against the United States

under the FTCA because that is the only theory under which a claimant can recover from the United States (or its employees) for negligence. Yet even this claim is brought in the wrong court, as 28 U.S.C. § 1402(b) states that "[a]ny civil action on a tort claim against the United States under [the FTCA] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Thus, Count V for negligence cannot properly be litigated in this court, and will be dismissed.

### Count VI: Statutory and constitutional violation (coat)

Count VI complains that various defendants failed to provide plaintiff with a coat, leading to various infections and a bout with pneumonia, and that this was a violation of both statutory rights and the Eighth Amendment. Plaintiff further states that this was in violation of BOP's own regulations. See Complaint [1] at ¶ 56. Certain of the defendants identified are not within my personal jurisdiction for the reasons stated above. The BOP and Director Lappin are within my jurisdiction, but insofar as plaintiff himself notes that the failure to provide a coat was not consistent with BOP regulations, he has provided no theory on which the BOP or Director Lappin can be held personally accountable. This coat count will be dismissed.

Count VII: Regulatory violations

Fairly read, Count VII appears to allege (on facts referenced nowhere else in the Complaint) that "warden Williamson acted on behalf of the Bureau of Prisons, District of Columbia and United States, did wilfully, knowingly, deliberate and intentionally undermine plaintiff's claims that he was assaulted by Daniel Kriebel . . . only because plaintiff filed suit against Kriebel's wife."  Complaint [1] at ¶ 58.  (Plaintiff's suit against "Kriebel's wife," Ibrahim v. Kriebel, 174 Fed. Appx. 129 (3d Cir. 2006), was dismissed because plaintiff falsely certified that he did not have three strikes for filing frivolous claims).  Plaintiff appears to claim that Williamson failed to investigate his complaint against Daniel Kriebel, and that this was a violation of the Americans with Disabilities Act.  Complaint [1] at ¶ 58.  This claim appears to be directed at Warden Williamson, over whom I do not have jurisdiction, and even insofar as it is a claim against the United States because the warden "was acting on behalf of the United States," I would lack FTCA jurisdiction under 28 U.S.C. § 1402.  Moreover, even if I had jurisdiction, I would dismiss this claim as nonsensical.

Count VIII: Regulatory violation for failure to transfer

Count VIII alleges that a variety of defendants refused a transfer for Ibrahim as retaliation for his suit "against the entire staff members in Unit 4A."  Complaint [1] at ¶ 62.  I lack

13

personal jurisdiction over all the defendants named except Associate Director Hill, and plaintiff has not alleged a plausible claim that Hill was aware of the actions she was allegedly retaliating against.  This claim will accordingly be dismissed.

### Count IX: Negligence and Medical Malpractice

This claim is asserted against the District of Columbia only.  For the reasons stated above, no claim will lie against the District.  Count IX is dismissed.

### Count X: Intentional infliction of emotional distress

This claim is alleged against all defendants.  For the reasons stated, I lack personal jurisdiction as to all the individual defendants save Director Lappin and Associate Director Hill.  Plaintiff has not made a plausible claim that either of these policymakers acted outrageously towards him, and so the claim against them will be dismissed.  Plaintiff cannot sue the BOP because his exclusive remedy for a tort committed against him by federal officers is a suit against the Untied States under the FTCA.  Plaintiff also cannot sue the United States in this Court under the FTCA because any outrageousness occurred outside this judicial district.  See 28 U.S.C. § 1402.  This count will accordingly be dismissed.

### IV.    Conclusion

For the reasons stated, none of plaintiff's causes of actions are appropriate in this judicial district.  The District of Columbia's motion to dismiss and the federal defendants' motion to dismiss will be granted.  The Complaint will be dismissed in its entirety.

An appropriate order accompanies this memorandum.


                                    JAMES ROBERTSON
                              United States District Judge